IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JAMARCO GOFF,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-24-1287-SLP |
| | ) |
| **FNU WASHINGTON, ET AL.,** | ) |
| | ) |
| **Defendant(s).** | ) |
| | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*,[1] filed a civil rights complaint pursuant to 28 U.S.C. § 1983. (Doc. 1).[2] United States District Judge Scott L. Palk referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 3). Based on Plaintiff's failure to properly file an application to proceed *in forma pauperis*, the undersigned recommends that the court **DISMISS** the action without prejudice to the re-filing.

I.   **Background and Analysis**

Plaintiff filed the Complaint on December 4, 2024. (Doc. 1, at 9). The Court notified Plaintiff that he had failed either to pay the filing fee or to submit an application

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the Court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

1

to proceed *in forma pauperis* ("IFP Application," a motion to proceed without prepayment of fees or costs) and that he must cure this deficiency on or before January 2, 2025. (Doc. 4, at 1-2). The Court warned Plaintiff that "[f]ailure to comply with [the] Order may result in the dismissal of this action." (*Id.* at 2). On December 9, 2024, Plaintiff submitted an IFP Application missing required financial information, the signature of an authorized jail officer, and a certified copy of Plaintiff's institutional account statement(s) for the six-month period immediately preceding filing of the action. (*See* Doc. 5, at 3-4; *id.* at Ex. 1). The Court ordered Plaintiff to cure these deficiencies on or before January 3, 2025, once more warning Plaintiff that his failure to cure could result in the dismissal of the action. (Doc. 6, at 1-2).

On December 27, 2024, Plaintiff filed a second IFP Application, that was again missing the required financial information, signature, and copy of account statements. (*See* Doc. 7, at 3-4; *id.* at Ex. 2). Plaintiff attached a letter to the IFP Application, stating that he had sent his IFP Application to jail officers and asked them to complete the Statement of Accounts portion, but that "ever[y] time [he] asked the officers they [made] up excuses" and that the officers said, "the people who does the Trust Funds isn't doing these types of paper works the year." (*Id.* at Ex. 1). The Court then extended Plaintiff's deadline to submit his IFP Application to January 28, 2025, and directed the authorized jail officials at the Oklahoma County Detention Center to execute the Statement of Institutional Accounts and provide a certified copy of the supporting institutional account statement(s). (Doc. 8, at 2). The deadline has passed, and Plaintiff has not submitted a cured IFP Application or shown cause for his failure to cure.

Pursuant to Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the action.  The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute."  *Huggins v. Supreme Court of the United States*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (quotations omitted).  If the dismissal is without prejudice, the court generally need not follow any "particular procedures" in entering the dismissal order.  *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *see also Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014) (explaining that a district court may, without abusing its powers, dismiss a case without prejudice pursuant to Fed. R. Civ. P. 41(b) without attention to any particular procedures).

Plaintiff's failure to properly submit an IFP Application leaves the Court unable "to achieve [an] orderly and expeditious" resolution of this action.  *Link v. Wabash R.R.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative).  As outlined above, the Court has provided Plaintiff an extension of his deadline to cure his IFP Application and sufficient notice of the possibility of dismissal, as well as an additional response opportunity through objection to this Report and Recommendation.

## II.   Recommendation and Notice of Right to Object

Considering the Court's right and responsibility to manage its cases, the undersigned finds that Plaintiff's failure to comply with the Court's Orders, (Docs. 5, 6, 8),

3

warrants a recommendation that the Court **DISMISS** this action without prejudice to the re-filing.

**The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before March 5, 2025**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  The undersigned also advises Plaintiff that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein.  *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge unless and until the matter is re-referred.

IT IS SO ORDERED this 12th day of February, 2025.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE